## UNITED STATES of America

### v.

### Forrest McILWAIN.

### Crim. No. 1790–70.

United States District Court,
District of Columbia.

March 2, 1977.

·Kirby S. Howlett and Mary Abigail McCarthy, Public Defender Service, Washington, D. C., for defendant.

Earl J. Silbert, U. S. Atty., and Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for the U. S.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The D. C. Parole Board has petitioned this Court for a reduction of the minimum sentence of Forrest McIlwain to the time he has served. Under D.C.Code § 24–201c (1973), the Board may make such an application if it believes that:

> there is a reasonable probability that [the] prisoner will live and remain at liberty without violating the law, and that his immediate release is not incompatible with the welfare of society
> . . . . .

8. The Pennsylvania Securities Act of 1972 is closely modeled on the Uniform Securities Act.

On July 15, 1970, McIlwain shot his wife eight times, killing her. He then hid her body just off a road in western Virginia and fled. About a month later, however, he gave himself up to the D. C. police and confessed. Thereafter, he pleaded guilty to second degree murder. On May 14, 1971, this Court sentenced him to a ten-to-thirty-year term at Lorton Reformatory.

McIlwain quickly became a model prisoner. He continually participated in academic and other rehabilitative programs; he was granted furloughs and always returned without incident. With one possible exception, his psychological examiners all concluded that he was progressing very well. The possible exception was Dr. John Miller, then chief of Psychological Services at Lorton, who reported in March of 1975 that:

> [McIlwain's] response to the tests is characterized by a marked tendency to be defensive, evasive and present himself in a favorable light. He tends to minimize faults in himself and his circumstances. Although there are no obvious pathological features present, his pronounced use of denial and repression suggests rigidity, lack of insight and unwillingness to make use of psychological interpretation.

On the basis of this record, the Parole Board, in August of 1975, petitioned this Court to reduce McIlwain's minimum sentence to time served. The government opposed this, and, because of the brutality of the crime and the 1975 psychological report, the Court denied the Board's application as premature.

After the Court's action, McIlwain continued to progress well. In a recent psychological evaluation, the present chief of Psychological Services at Lorton unqualifiedly stated that McIlwain is very well adjusted and would pose no threat to the public.

The Board has now submitted a second petition for reduction of McIlwain's minimum sentence. This time, however, the government has not opposed it.

■ The Court has once again considered McIlwain's case very closely. It has tried to determine whether the time McIlwain has served is adequate to deter others from committing crimes and to satisfy society's desire for a punishment that fits the offense, and also whether McIlwain is likely, if let free, to commit other crimes.

■ The Court is most impressed with the deep, genuine remorse that the defendant has shown for what he did. In this Court's view, this is the first and best indication of an individual's rehabilitation. See *United States v. Liddy*, 397 F.Supp. 947, 949 (D.C.D.C.1975), aff'd, 530 F.2d 1094 (D.C. Cir. 1976). In the light of this remorse, the clearer indication of McIlwain's stability, and the passing of an additional year, the Court can now say with reasonable assurance what it could not say before—that Forrest McIlwain's immediate release is in the interest of justice.

Accordingly, it is this 2nd day of March, 1977,

ORDERED that the D. C. Parole Board's petition under D.C.Code § 24–201c (1973), for a reduction in the minimum sentence of Forrest McIlwain to the time he has served be, and the same hereby is, granted.